**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THE RAYMOND CORPORATION,**

                **Plaintiff,**
  vs.                                          **3:20-cv-00916**

**JOHN MEYER, PH.D., P.E.,**
**EDISON ENGINEERING, LLC,**
**THOMAS E. LONG and**
**EXPERT TECHNOLOGY SERVICES, INC.,**

                **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    DISCUSSION**

Defendant John Meyer moves to dismiss the complaint for, *inter alia*, lack of subject matter jurisdiction,[1] and to dissolve the temporary restraining order because the Court lacked subject matter jurisdiction to issue the order and because Plaintiff failed to comply with Fed. R. Civ. P. 65(b)(1)(B).[2] The motion is granted in both respects.

The complaint here is brought pursuant to the Court's diversity jurisdiction, 28 U.S.C. 1332(a). Compl. ¶ 7. "Diversity jurisdiction requires that 'all of the adverse parties in a suit

---

[1]Defendant Meyer also asserts that the complaint should be dismissed because the Court lacks personal jurisdiction over him and because venue in the Northern District is improper.

[2]Defendant Meyer also asserts that the temporary restraining order must be immediately dissolved because the Court lacks personal jurisdiction over him, and because venue in the Northern District is improper. He also argues that there is not a factual or legal basis for the temporary restraining order.

1

... be completely diverse with regard to citizenship.'" *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998)). "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). The complaint alleges that "[u]pon information and belief, defendant John Meyer, Ph.D., P.E., is the sole owner and principal engineer of defendant Edison Engineering, LLC . . ., a limited liability company organized and existing pursuant to the laws of the State of Illinois with a registered address of 205 E. Butterfield Road, Suite 225, Elmhurst, Illinois 60126," Compl. ¶ 3, and that "[d]iversity jurisdiction exists . . . as this action embodies a controversy between a plaintiff and defendants who reside in different states." *Id.* § 7.

> For purposes for of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, No. 14-CV-7571, 2015 WL 1954491, at *2 (E.D.N.Y. April 29, 2015); *Young-Gibson v. Patel*, 476 Fed. App'x 482, 483 (2d Cir. 2012). An individual's citizenship is determined by a person's domicile. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citations omitted); *Universal Reins. Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("A person is deemed a citizen of the state wherein he or she is domiciled...."); *see also Davis*, 2015 WL 1954491, at *3. "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo ex rel. Delmage*, 232 F.3d at 42; *see also* [*Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)] ("[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay.").

*Corniel v. Titech*, No. CV172551 (RRM/AKT), 2020 WL 1480448, at *3 (E.D.N.Y. Mar. 6, 2020), *report and recommendation adopted*, 2020 WL 1472442 (E.D.N.Y. Mar. 26, 2020). Furthermore, "[a] complaint premised upon diversity of citizenship must allege the

2

citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-0046, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing *Handelsman*, 213 F.3d at 51–52).

Here, Defendant Meyer's citizenship is not distinctly and positively averred in the complaint, and does not appear with distinctness in other parts of the record.  Thus, the action must be dismissed for lack of subject matter jurisdiction.

While is possible that the Plaintiff could cure the subject matter jurisdiction deficiency with an amended pleading, the Court nevertheless will grant Defendant Meyer's motion to dissolve the temporary restraining order.  Plaintiff's attorney affirmation in support of the temporary restraining order indicates that attempts to prevent the defendants from disclosing confidential information in the *Anderson* litigation were unsuccessful and that such disclosures were believed to be ongoing. *See* Dkt. No. 6-1.  This arguably provided a reason to dispense with advance notice so as to stop the then-occurring irreparable harm that Plaintiff's counsel had unsuccessfully attempted to curtail.  Nevertheless, neither the attorney affirmation nor Plaintiff's Local Rule 7.1 Emergency Motion Affidavit, Dkt. No. 6-3, strictly complied with Fed. R. Civ. P. 65(b)(1)(B).  Absent this compliance, and because it now appears that subject matter jurisdiction was lacking at the time the Court issued the temporary restraining order, the Court will grant Defendant Meyer's Fed. R. Civ. P. 65(b)(4) motion and dissolve the temporary restraining order.

**II.   CONCLUSION**

For the reasons set forth above, Defendant Meyer's cross-motion, Dkt. No. 14, is **GRANTED**, the complaint, Dkt. No. 1, is **DISMISSED** for lack of subject matter jurisdiction, and the temporary restraining order, Dkt. No. 8, is **DISSOLVED**.  Based on these rulings, the order to show cause setting a hearing for August 21, 2020, Dkt. No. 8, is **VACATED**, and Defendant Meyer's motion for the August 21, 2020 hearing to be conducted by video-conference, Dkt. No. 15, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: August 19, 2020

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge